UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TERRENCE A. THIERRY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J. RAY ORMOND, Warden, ) <br> ) <br> Respondent. ) | Civil Action No. 17-208-DCR <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Terrence Thierry is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Thierry has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. For the reasons set forth below, the Court Thierry's petition will be denied.

In 2008, Thierry pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The maximum sentence for violating § 922(g) is usually 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, the United States District Court for the Western District of Louisiana determined that Thierry had at least three previous convictions for either a violent felony or a serious drug offense that were committed on occasions different from one another. As a result, he was subject to a mandatory minimum sentence of 15 years in prison pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court sentenced Thierry to the 15-year minimum period of incarceration. *See United States v. Terrence Thierry*, No. 2:07-cr-20055 (W.D. La. 2008).

Thierry challenged his sentence on direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed that sentence. *See id*. Thierry then moved to vacate his sentence pursuant to 28 U.S.C. § 2255. However, the district court denied that motion as untimely. It appears that Thierry did not appeal that decision. *See id*.

Thierry has now filed a § 2241 petition with this Court. [Record No. 1]. While Thierry's petition is difficult to follow, he appears to be arguing that two of his pre-2008 convictions were "consolidated for sentencing" and, as a result, "he does not have the required number of predicate offenses . . . to be classified and sentenced as an ACCA offender." [Record No. 1-1 at 5, 9]. Thierry claims that, because the maximum sentence for violating § 922(g) is usually 10 years in prison, his 15-year sentence is "illegal." [Record No. 1-1 at 11].

Thierry's § 2241 petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Thierry cannot use a § 2241 petition as a way of challenging his sentence.

But Thierry argues that § 2255(e)'s savings clause permits him to attack his sentence through a § 2241 petition. [Record No. 1-1 at 12]. This argument, however, is without

merit. The savings clause provides that, "if section 2255 is inadequate or ineffective to test the legality of his detention . . . a federal prisoner may also challenge the validity of his . . . sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (internal citations and quotation marks omitted). And it is also true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that, under certain circumstances, a prisoner may challenge a sentence enhancement in a § 2241 petition. However, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

Those circumstances do not apply here. As an initial matter, the district court sentenced Thierry in 2008—well after the Supreme Court decided *Booker*. More importantly, Thierry has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement. Thierry's reliance on § 2255(e)'s savings clause is therefore unavailing. Ultimately, it appears that Thierry is simply raising an argument that he either made or could have made in his previously-denied § 2255 motion. And that is not proper in a § 2241 petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Thierry's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 15th day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge